UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANTHONY BRIAN MALLGREN,<br><br>                Plaintiff,<br><br>   v.<br><br>NEW YORK CITY,<br><br>                Defendant. | NO:  13-CV-0182-TOR<br><br>ORDER DISMISSING CASE |

BEFORE THE COURT is Plaintiff's request to file a *pro se* complaint *in forma pauperis*.  ECF No. 1 and 2.  Also before the Court is Plaintiff's Motion to Obtain ECF Login and Password.  ECF No. 3.

### DISCUSSION

By Local Rule, each United States Magistrate Judge in this District is delegated the authority to "[r]ule upon applications to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915."  LMR 1(a)(16).  By Order dated May 14, 2013, a United States Magistrate Judge reviewed Plaintiff's application to proceed *in forma pauperis* and denied the same with leave to renew.  ECF No. 4.  The Order

ORDER DISMISSING CASE ~ 1

explained that Plaintiff provided an incomplete answer to question number 9, but allowed Plaintiff thirty days to submit a properly completed application (or pay the full filing fee). *Id.* Thirty days has passed. Plaintiff chose neither alternative, he filed a notice of appeal to the Ninth Circuit Court of Appeals instead. ECF No. 5.

    1. Continuing Jurisdiction of the District Court

A denial of a motion to proceed *in forma pauperis* is a final judgment that is immediately appealable pursuant to 28 U.S.C. § 1291. *Roberts v. United States District Court*, 339 U.S. 844 (1950) (per curiam). Under 28 U.S.C. § 636, a United States Magistrate may not enter a final judgment on a motion to proceed *in forma pauperis* absent referral by the District Court and consent of the parties (which is applicable here). *See Tripati v. Rison*, 847 F.2d 548-49 (9th Cir. 1988)(a magistrate has no authority to issue a dispositive order denying *in forma pauperis* status absent compliance with section 636(c)).

In this case, the Magistrate Judge granted Plaintiff leave to renew his application. Since Plaintiff was given leave to correct his deficiency (and the Magistrate Judge did not have the authority to enter an involuntary dismissal), the Magistrate's Order denying *in forma pauperis* status was not a final, appealable order. *See Tripati v. Rison*. This Court has not been divested of jurisdiction to proceed by reason of Plaintiff's ineffectual notice of appeal. "Where the deficiency in a notice of appeal, by reason of . . . reference to a non-appealable

order, is clear to the district court, it may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction." *Ruby v. Secretary of U. S. Navy*, 365 F.2d 385, 389 (9th Cir. 1966)(en banc); *see also Nascimento v. Dummer*, 508 F.3d 905, 909-10 (9th Cir. 2007).

    2.  *In Forma Pauperis* Determination

    *Forma pauperis* status requires two findings: (1) a finding of indigency, and (2) a finding that the underlying claim has some merit. *Bradshaw v. Zoological Soc. of San Diego*, 662 F.2d 1301, 1308 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(2)(B), notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal (i) is frivolous or malicious or (ii) fails to state a claim upon which relief may be granted.

    A complaint fails to state a claim upon which relief may be granted if it lacks a cognizable legal theory or lacks sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiff's Complaint does not state a cognizable legal theory, i.e., short plain statements showing the court's jurisdiction and the grounds for relief. *See* Fed. Rule Civ. Pro. 8(a).

    Plaintiff complains that he was confronted by multiple New York City Police Department officers while he was in the Metropolitan Transit Authority

operated subway area using his 7-Day Unlimited Ride MetroCard.  He alleges he was "given a notice of violation and issued a hearing date."  He is now living in Spokane, Washington and complains that he is "without immediate means to fly back to New York in order to clear this issue up."  Plaintiff asserts federal question jurisdiction for violations of "due process and equal protection of state laws clauses of the 14th Amendment" and seeks unspecified injunctive relief.

Plaintiff failed to avail himself of the opportunity to amend his application to provide complete information, nor has he paid the filing fee within thirty days.

The Court recognizes that Plaintiff has filed at least 29 cases in the United States District Courts and 12 cases in the Circuit Courts of Appeal, this year.  This case is one of eight actions which have been filed in this District since May 10, 2013.  Eastern District of Washington case numbers 13-CV-0175-LRS, 13-CV-0180-TOR, 13-CV-0182-TOR, 13-CV-0210-TOR, 13-CV-0218-TOR, 13-CV-0228-TOR, 13-CV-0232-TOR, and 13-CV-0234-TOR. The first two in this list have been dismissed by the District Court for failure to state a claim.

**Plaintiff is advised that the filing of further frivolous actions will result in the imposition of more serious sanctions than dismissal.**

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.  Plaintiff's Application to Proceed in the District Court In Forma Pauperis, ECF No. 2, is **DENIED**.

ORDER DISMISSING CASE ~ 4

2.  Plaintiff's proposed Complaint, ECF No. 1, is **DISMISSED**.

3.  Plaintiff's Motion to Obtain ECF Login and Password, ECF No. 3, is

    **DENIED** as Moot.

The District Court Executive is hereby directed to enter this Order, a

Judgment of Dismissal, furnish copies to Plaintiff at his last known address, and

**CLOSE** the file.

**DATED** June 21, 2013.

THOMAS O. RICE
United States District Judge

ORDER DISMISSING CASE ~ 5